# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SUZANN S. TONSETH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WAMU EQUITY PLUS, et al., <br><br> Defendants. | CASE NO. C11-1359 JLR <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the court on Defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion to dismiss *pro se* Plaintiffs Suzanne and Paul Tonseth's ("the Tonseths") complaint with prejudice and cancel their lis pendens (Dkt. # 10). Defendant Quality Loan Service Corporation of Washington ("QLS") has joined Chase's motion (Dkt. # 12). The Tonseths have not filed a responsive brief. Having considered the briefing of the parties, the balance of the record, and the governing law, and no party having requested oral argument, the court GRANTS in part and DENIES in part Chase's

motion (Dkt. # 10). The court DISMISSES the complaint in its entirety, but grants the Tonseths leave to file an amended complaint within 14 days of the entry of this order. The court declines Chase's request to cancel the lis pendens at this time, but if the Tonseths fail to timely respond to this order, the court will dismiss the action pursuant to Federal Rule of Civil Procedure 41(b) and enter an order cancelling the lis pendens.

## II. BACKGROUND

On or about December 5, 2006, the Tonseths borrowed $496,000 from Washington Mutual Bank ("WaMu"), secured by a Deed of Trust, in order to purchase property located at 4411 South 190th Place, SeaTac, Washington, 98188 ("the Property"). (*See* Not. of Removal (Dkt. # 2) Ex. A ("Compl.") (identifying Note and Deed of Trust); Prince Decl. (Dkt. # 11) Ex. A (Deed of Trust).)[1] On September 25, 2008, the FDIC took WaMu into receivership and sold certain WaMu assets to Chase (including the Tonseths' loan) pursuant to a Purchase and Assumption Agreement ("P & A Agreement"). (Prince Decl. Ex. B (P & A Agreement).)[2]

On July 11, 2011, the Tonseths filed a complaint against Defendants WaMu Equity Plus, Washington Mutual, FA, Chase, and QLS in the King County Superior Court of Washington. (Compl.) The complaint seeks to enjoin a trustee's sale in

---

[1] The Deed of Trust is not attached to the Tonseth's complaint, but it is incorporated by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Accordingly, the court may treat the Deed of Trust as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

[2] This court has previously taken judicial notice of the P & A Agreement, and does so again here. *Danilyuk v. JP Morgan Chase Bank, N.A.*, No. C10-0712JLR, 2010 WL 2679843, *3 (W.D. Wash. July 2, 2010).

Washington for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; quiet title; and recover millions of dollars in damages for unspecified violations of the TILA, the Washington Consumer Protection Act ("CPA"), fraud, and breach of fiduciary duty. (Compl.) The complaint further references a lis pendens and a mechanics lien.[3] (*Id.*) The complaint contains one paragraph that states:

> NOTICE IS HEREBY GIVEN that an action has been commenced in the above entitled Court upon the Complaint of the Plaintiff above-named against the above-named Defendant; that the object of that action is to establish and quiet Plaintiff's title in and to the lands and premises hereinafter described against the claim of the Defendant and any of them, and bar the Defendant and each of them from having or asserting any right, title, estate, lien or interest in or to said land and premises adverse to Plaintiff's fee simple title thereto; and that the action affects title to the following described real estate situated in King County, Washington . . . .

(*Id.*)

Attached to the complaint is a purported "affidavit" of Mr. Tonseth, although it is neither sworn to nor signed. (Not. of Removal, Ex. A, Affidavit.) The document states that the Tonseths purchased a rental property in 2006 "with the hope of helping [their] retirement years" and "were introduced to a program that looked like it would help [them] reach [their] goals." (*Id.*) The document further states that the program "turned out to be a scam" and the Tonseths lost a total of $750,000.00, including "$496,000.00 [in] equity from [their] primary home," as well as the equity from their rental property.

---

[3] The Tonseths did, in fact, file a lis pendens. (Prince Decl. Ex. 3 (Lis Pendens).) The court takes judicial notice of the lis pendens because it was recorded with the King County recorder's office and the court may take judicial notice of matters of public record. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001); *see also Orcilla v. Bank of Am., N.A.*, No. C10-03931 HRL, 2011 WL 1113549, *1 n.2 (N.D. Cal. Mar. 25, 2011) (taking judicial notice of recorded lis pendens).

(*Id.*)  The document explains that the Tonseths made mortgage payments until May 1, 2010, when they ran out of money.  (*Id.*)  The document also indicates that the Tonseths tried to modify their loans with Chase but were denied on two occasions.  (*Id.*)  The document does not indicate the current status of the Tonseths' payments on their mortgages.

On August 16, 2011, Chase removed the case to this court on the basis of the court's original jurisdiction over the Tonseths' TILA claims.  (*See* Not. of Removal.) Then on September 13, 2011, Chase filed the instant motion to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) (Mot. (Dkt. # 10)), which QLS joins (Dkt. # 12).  The Tonseths have not filed a response.[4]

### III.  DISCUSSION

**A.  Motion to Dismiss Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff.  *See Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[4] Pursuant to Local Rule CR 7, the court may consider the Tonseths' failure to file opposition papers as an admission that Chase's motion has merit.  Local Rule W.D. Wash. CR 7(d)(3).

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation. *Id.* at 1949-50 (citing *Twombly*, 550 U.S. at 556).

Because the Tonseths are proceeding *pro se*, the court must construe their complaint liberally even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011). Furthermore, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (internal quotation marks omitted)).

**B. Analysis**

Even when viewing the complaint in the light most favorable to the Tonseths and taking into account their *pro se* status, the Tonseths have failed to plead facts that state any claim against Defendants that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949. The sole paragraph in the complaint discusses the "object of th[e] action," but contains no

factual allegations, much less factual allegations that would establish that any of the Defendants violated the TILA or the CPA, committed fraud, or breached any fiduciary duty. (*See* Compl.) Further, there are no factual allegations that support the Tonseths' mechanics lien claim or action to quiet title. (*Id.*) Accordingly, the court dismisses the complaint in its entirety.

Chase maintains that the court should dismiss the complaint with prejudice and cancel the lis pendens. (Mot. at 9-14.) As stated above, the court should only dismiss with prejudice where amendment would be futile, and should grant leave to amend more freely to *pro se* plaintiffs. *Johnson*, 653 F.3d at 1011. The court will address Chase's arguments with respect to each cause of action below, and ultimately concludes that the Tonseths should be given an opportunity to amend their complaint.

**TILA Claims** – Chase asserts that the Tonseths' TILA claims should be dismissed with prejudice for three reasons. (Mot. at 9-11.) First, Chase maintains that their claims are time barred because their loan originated on December 5, 2006. (*Id.* at 9.) Claims for monetary damages under TILA are subject to a one-year statute of limitations, subject to equitable tolling. 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ."). "Where a party allegedly fails to make TILA-required disclosures, the date of the violation is the date that the loan documents are signed." *Ulyanchuk v. Bank of Am., N.A.*, No. C10-0554 MJP, 2010 WL 2803047, at *2 (W.D. Wash. July 15, 2010); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003); *NLRB v. Don Burgess Constr.*

*Corp.*, 596 F.2d 378, 382 (9th Cir. 1979) ("The general rule applicable to federal statutes of limitations is that a limitation period begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." (punctuation omitted)).  Furthermore, under TILA, there is a right to rescind that extends for three years (following the execution of the loan or the delivery of the information required under TILA, whichever is later) if the lender fails to give the borrower the required TILA disclosures and notice.  15 U.S.C. §§ 1635(a) and (f), § 1638, and Regulation Z; 12 C.F.R. §§ 226.17-226.18.

  Here, the complaint is completely lacking in any facts upon which the court could discern the basis for the Tonseths' TILA claim.  Accordingly, the court cannot determine when the statute of limitations began to run or whether it was equitably tolled.  Although it may be very likely that the Tonseths' TILA claims are time barred, the court declines to dismiss with prejudice on these grounds without first giving the Tonseths an opportunity to amend.

  Next, Chase maintains that the court should dismiss the TILA claims with prejudice because Chase assumed no liability for WaMu's transactions under the P & A Agreement.[5]  (Mot. at 9-10.)  Article 2.5 of the P & A Agreement expressly provides that the FDIC retained Washington Mutual's potential liabilities associated with borrowers' claims:

> Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower

---

[5] The court notes that this argument does not apply to QLS.

> for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extrajudicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

(Prince Decl. Ex. B (P & A Agreement).) "District courts have repeatedly dismissed TILA . . . claims brought against Chase because the P & A Agreement specifies that Chase did not assume liability for such claims." *Danilyuk v. JP Morgan Chase Bank, N.A.*, No. C10-0712JLR, 2010 WL 2679843, *3 (W.D. Wash. July 2, 2010) (collecting cases). Nevertheless, even in light of the P & A Agreement, this court has previously dismissed TILA claims against Chase with leave to amend where the proceedings were at an early stage, *see id.* at *4 n.1, and determines that this is the appropriate action here.

Finally, Chase argues that the court should dismiss the TILA claims with prejudice because TILA does not apply to commercial transactions, and the Tonseths' indicate that they purchased the Property as a rental. (Mot. at 10-11 (citing 12 C.F.R. § 226.3(a)).) Chase is correct that TILA-provided rights do not extend to properties that are purchased as rentals. 12 C.F.R. § 226.3(a); *see also Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011) (interpreting 12 C.F.R. § 226.3(a)); *Antanuous v. First Nat. Bank of Ariz.*, 508 F. Supp. 2d 466, 466 (E.D. Va. 2007). The "affidavit" the Tonseths submitted along with their complaint, however, does not clearly indicate that the Property is a rental; although it states that the Tonseths purchased a rental property in 2006, it also lists the Property as the Tonseths' address. (*See* Not. of Removal, Ex. A, Affidavit.) In

light of this ambiguity, the court declines to dismiss with prejudice and without the opportunity to amend.

**CPA Claim** – Chase maintains that the Tonseths' CPA claim should be dismissed with prejudice because the CPA does not permit assignee liability, and thus the Tonseths cannot assert any claim based on WaMu's conduct. (Mot. at 11 (citing *White v. Homefield Fin., Inc.*, 545 F. Supp. 2d 1159, 1169-70 (W.D. Wash 2008), and *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1129 (W.D. Wash. 2010)).) In *White*, the court granted summary judgment on the plaintiffs' CPA claim to the assignee of the plaintiffs' loan because there was no evidence that the assignee was involved in the marketing or solicitation of the plaintiffs for the original loan transaction. *White*, 545 F. Supp. 2d at 1069. The court did not, however, establish a *per se* rule that assignees cannot be liable under the CPA. *See id.*

Although it may be highly unlikely that the Tonseths can plead facts stating a cause of action against Chase or QLS for violation of the CPA, the court cannot conclude, based on the very limited facts before it, that amendment would be futile. The court thus grants the Tonseths leave to amend their CPA claim. Any future pleading should allege facts establishing: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiffs' business or property; and (5) that injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

**Fraud Claim** – Chase asserts no reason why amendment of the Tonseths' fraud claim would be futile, therefore the court grants them leave to amend. To establish a fraud claim, any amended complaint must allege: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) the plaintiff's ignorance of its falsity; (7) the plaintiff's reliance on the truth of the representation; (8) the plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff. *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996). Further, the Tonseths' allegations must meet the higher pleading standard set forth in Federal Rule of Civil Procedure 9 for actions based on fraud. *See* Fed. R. Civ. P. 9.

**Fiduciary Duty** – Chase argues that, as a matter of law, it does not owe the Tonseths a fiduciary duty. (Mot. at 12.) "The general rule in Washington is that a lender . . . and its successors, assigns, or designated loan servicer . . . are not fiduciaries of its borrowers." *Schanne v. Nationstar Mortg., LLC*, No. C10-5753BHS, 2011 WL 5119262, *3 (W.D. Wash. Oct. 27, 2011) (citing *Miller v. U.S. Bank of Wash., N.A.*, 865 P.2d 536 (Wash. Ct. App. 1994)). "Rather, a special relationship must develop between the parties before a fiduciary duty exists. Where the parties deal with each other at arm's length, such as a borrower-lender relationship, no fiduciary duty arises." *Id.* (internal citation omitted). Although it seems unlikely that the Tonseths have developed a special relationship with Chase as the assignee of the original lender or QLS, the court cannot say with certainty that amendment would be futile. The court thus grants the Tonseths leave to amend their breach of fiduciary duty claim. To state a claim for breach of a

1 | fiduciary duty, the Tonseths must allege facts establishing: (1) the existence of a duty;

2 | (2) a breach of that duty, (3) a resulting injury; and (4) that the alleged breach was the

3 | proximate cause of the injury. *Miller*, 865 P.2d at 543.

4 | **Mechanics Lien** – Chase presents no argument as to why the Tonseths' mechanics

5 | lien claim should be dismissed with prejudice, therefore the court grants them leave to

6 | amend as to this claim. Any amended complaint should allege, at a minimum, the

7 | existence of a lien and facts supporting the basis for the lien. *See generally* RCW 60.04,

8 | *et seq*.

9 | **Quiet Title –** Chase contends that dismissal with prejudice of the Tonseths' quiet

10 | title claim is proper because they admit default and cannot claim that they have paid their

11 | outstanding debt. (Mot. at 12.) A quiet title claim against a mortgagee requires an

12 | allegation that the mortgagor is the rightful owner of the property, that is, that the

13 | mortgagor has paid an outstanding debt secured by the mortgage. *See Kelley v. MERS,*

14 | *Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Although it is very likely, based on

15 | the "affidavit" submitted along with the complaint, that the Tonseths continue to owe

16 | money on their mortgage, the Tonseths have not explicitly admitted this fact. The court

17 | thus grants them leave to amend their quiet title claim.

18 | **Lis Pendens** – Finally, Chase asks the court to enter an order canceling the lis

19 | pendens that the Tonseths recorded on July 21, 2011, the day they filed their complaint in

20 | state court. (Mot. at 13-14.) In Washington, "[a]t any time after an action affecting title

21 | to real property has been commenced . . . the plaintiff [or] the defendant . . . may file with

22 |

the auditor of each county in which the property is situated a notice of the pendency of the action . . . ." RCW 4.28.320. Further,

> the court in which the said action was commenced may, at its discretion, at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled of record, in whole or in part, by the county auditor of any county in whose office the same may have been filed or recorded, and such cancellation shall be evidenced by the recording of the court order.

RCW 4.28.325. In light of the court's determination that the Tonseths should be granted leave to file an amended complaint, the court declines to cancel the lis pendens at this time.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Chase's motion to dismiss (Dkt. # 13). The court DISMISSES the complaint without prejudice, and GRANTS the Tonseths leave to file an amended complaint within 14 days of the entry of this order. If the Tonseths fail to respond to this order, the court will dismiss the action and enter an order canceling the lis pendens.

Dated this 9th day of January, 2012.

JAMES L. ROBART
United States District Judge

ORDER- 12